# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. 3:21 CR 436 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **MICHELLE HEADLEY,** | |
| Defendant. | **MEMORANDUM OPINION AND ORDER** |

### INTRODUCTION

Defendant Michelle Headley, previously sentenced to a period of six months in custody, moves for compassionate release under 18 U.S.C. § 3582. (Doc. 35). The Government does not oppose the motion. For the following reasons, this Court grants Defendant's motion.

### BACKGROUND

In 2015, Defendant pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute methamphetamine, a Schedule II controlled substance, in the Northern District of Indiana. (Doc. 1-1, at 1). She was sentenced to a period of 100 months in custody followed by two years of supervised release. *Id.* at 2-3. Her case was transferred to the Northern District of Ohio for her supervised release. (Doc. 1, at 1).

On February 8, 2023, upon Defendant's own admission, this Court found Defendant in violation of the terms of her supervised release and sentenced her to six months in federal custody. (Doc. 32, at 1-2). She is currently serving this sentence at FMC Lexington in Lexington, Kentucky; she is scheduled to be released on July 19, 2023. (Doc. 35, at 1).

In July 2022, Defendant was diagnosed with and treated for cervical cancer. (Doc. 35-1, at 1). Medical records show that by May 2023, Defendant's cancer had spread throughout her body to organs including her lungs, abdomen, and liver. *Id.* at 1-3. She is experiencing significant pain and bleeding, and "it is unclear whether or not treatment can be effective at this stage." (Doc. 35, at 2-3).

Defendant requested compassionate release from the warden at her facility on May 1, 2023. (Doc. 35-1, at 4). To date, the warden has not responded. (Doc. 35, at 1).

## DISCUSSION

Under 18 U.S.C. § 3582, a defendant seeking modification of her sentence, such as compassionate release, must first have exhausted her avenues of administrative recourse, as well as either 1) be at least 70 years old, have served at least 30 years in prison for the current imprisonment offense, and have been determined by the Director of the Bureau of Prisons that she "is not a danger to the safety of any other person or the community," or 2) set forth "extraordinary and compelling reasons [which] warrant such a reduction". 18 U.S.C. § 3582(c)(1)(A). Defendant argues in her motion that such extraordinary and compelling reasons for release exist in her case. (Doc. 35, at 2-3). This Court agrees.

Exhaustion

To move for compassionate release from the court, a criminal defendant must first have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf", or there must be a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility". 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020). Defendant requested compassionate release from the warden on May 1, 2023, more than 30 days before the date of this order. (Doc. 35-1, at

2

4). The warden did not respond. (Doc. 35, at 1). Defendant has therefore met the statutory exhaustion requirement.

Extraordinary and Compelling Reasons

To grant a defendant compassionate release, in addition to finding extraordinary and compelling reasons for a sentence reduction, courts must "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and "consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020)). In cases where an incarcerated defendant moves for her own compassionate release, "federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the [Sentencing Commission] policy statement [U.S.S.G.] § 1B1.13." *Jones*, 980 F.3d at 1111.

Defendant was diagnosed with a serious cancer, which has now spread throughout her body. (Doc. 35-1, at 1-3). She is bleeding and in pain. (Doc. 35, at 2). Whether treatment will be effective is unclear due to the severity of her illness. *Id.* at 3. The Court finds that these are extraordinary and compelling reasons to release Defendant from the remainder of her sentence.

Additionally, this Court finds the 18 U.S.C. § 3553(a) factors support Defendant's release. Defendant admitted to her supervised release violation. (Doc. 32, at 2). She has already served the majority of her sentence. *See* Doc. 1-1, at 2-3. Only a few weeks remain until her scheduled release date on July 19, 2023. (Doc. 35, at 1). As Defendant states in her motion, due to her serious illness, "[t]hose few weeks are important weeks". *Id.* at 3. This Court agrees and finds it appropriate to grant compassionate release for the Defendant to be with her family.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant's Motion for Compassionate Release (Doc. 35) be, and the same hereby is, GRANTED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE
